UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GREGORY WILSON,

                      Petitioner,

          -against-                      **MEMORANDUM AND ORDER**

JOHN W. BURGE, Superintendent,               **06-CV-3079(NGG)**
Elmira Correctional Facility,

                     Respondent.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge:

Petitioner Gregory Wilson ("Wilson" or "Petitioner") brings this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights and seeking to overturn his June 30, 1983 murder and assault convictions. For the reasons set forth below, the petition is transferred to the United States Court of Appeals for the Second Circuit for Wilson to seek permission to file a successive petition for habeas corpus.

I.    **Background**

On June 30, 1983, a jury in the Supreme Court of New York, Kings County, convicted Petitioner of Murder in the Second Degree and Assault in the First Degree, for having stabbed his wife to death and for having permanently maimed the left hand of the man who came to her rescue. On June 30, 1983, Petitioner was sentenced, as a second felony offender, to consecutive terms of imprisonment of twenty-five years to life for the murder conviction and seven-and-one-half to fifteen years for the assault conviction. (Affidavit in Opposition to Petition for a Writ of Habeas Corpus ("Resp. Br.") at 2.) The Appellate Division, Second Department, affirmed his conviction, People v. Wilson, 514 N.Y.S.2d 813 (2d Dept. 1987), and the New York Court of

Appeals denied Wilson leave to appeal from the order of the court affirming his judgment of conviction on May 14, 1987, People v. Wilson, 69 N.Y.2d 1011 (N.Y. 1987) (Hancock, Jr., J.). Petitioner's conviction became final ninety days later when he failed to appeal to the United States Supreme Court. See Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998).

Petitioner filed one collateral attack, a motion for a writ of error *coram nobis* on the basis of ineffective assistance of appellate counsel, which was denied by the Appellate Division, Second Department on October 6, 1989. No further appeals followed until October 20, 1999, when Petitioner brought an application for a writ of habeas corpus before this court, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his incarceration upon conviction in state court. Respondent opposed on the ground that the application was untimely under the one-year limitations period of 28 U.S.C. § 2244(d)(1)(A).

By Order dated September 12, 2000, I found Ross applicable and Petitioner's application untimely under § 2244(d)(1)(A) but noted that Petitioner's application provided insufficient information to determine whether any special circumstances or equitable tolling could apply to allow the application to survive the § 2244(d)(1)(A) time bar. I granted Petitioner leave to file a reply asserting any arguments against Respondent's time-bar defense. On October 31, 2000, Petitioner filed a reply indicating that special circumstances should apply to his application; however, I found that the special circumstances did not apply and, by Memorandum & Order dated July 26, 2001 ("July 26, 2001 M&O"), this court dismissed Petitioner's habeas corpus application as untimely. The July 26, 2001 M&O further held that, because Petitioner failed to make a substantial showing of a denial of a constitutional right or that reasonable jurists would find this decision debatable, a certificate of appealability should not issue. (July 26, 2001 M&O at 6 (citing 28 U.S.C. § 2254(c).) By Order dated February 25, 2002, the Second Circuit

dismissed Petitioner's application for a certificate of appealability to appeal from the July 26, 2001 M&O.

On July 21, 2001, Petitioner made a second pro se application for a writ of error *coram nobis*, alleging that his appellate counsel was ineffective for failing to (1) pursue an affirmative defense that Wilson had acted under the influence of an extreme emotional disturbance, and (2) argue that Wilson was denied effective assistance of trial counsel. The Appellate Division denied this second motion for a writ of error *coram nobis*. People v. Wilson, Docket No. 2001-06442, Decision and Order (2d Dept. Nov. 13, 2001). Judge George Bundy Smith of the New York State Court of Appeals subsequently denied Petitioner leave to appeal. People v. Wilson, Certificate Denying Leave (Feb. 5, 2003).

On April 1, 2004, Wilson made a third pro se attempt for a writ of error *coram nobis*, arguing a number of different claims, which was again denied by the Appellate Division. People v. Wilson, Docket No. 2001-06442, Decision and Order (2d Dept. June 21, 2004). Judge Robert S. Smith of the New York State Court of Appeals denied Wilson's application for permission to appeal the denial of the third motion for a writ of error *coram nobis*. People v. Wilson, Certificate Denying Leave (Sept. 27, 2004). Wilson also filed a motion to vacate judgment, pursuant to N.Y. Crim. Pro. L. Section 440.10 ("Article 440 motion") before the New York State Supreme Court, Kings County on June 14, 2005, claiming (1) a violation of Rosario and/or Brady for the People's alleged failure to provide certain transcriptions and recorded summary of an interview with a key witness for the prosecution, and (2) ineffective assistance of counsel. By Order dated January 26, 2006, the court denied Wilson's Article 440 motion. People v. Wilson, Ind. No. 1551 (Sup. Ct. Kings County Jan. 26, 2006).

In the instant petition, Wilson makes claims that are similar to his Article 440 motion,

3

specifically that (a) the prosecution violated their <u>Rosario</u> and/or <u>Brady</u> obligations in failing to provide him with a transcription of an interview with a chief prosecution witness, and (b) that trial counsel was ineffective for failing to (i) meet sufficiently with Wilson to discuss potential defenses, (ii) raise the affirmative defense of extreme emotional disturbance; (iii) advise defendant to consider a plea offer, and (iv) adequately investigate and familiarize himself with the facts of the case.

## II.  Analysis

A petitioner may not receive review of a second or successive habeas petition unless he has first received permission from the Court of Appeals to do so. 28 U.S.C. § 2244(b)(3)(A). In this circuit, where a state prisoner files a successive petition in the district court without first having received permission from the United States Court of Appeals for the Second Circuit in accordance with 28 U.S.C. § 2244(b)(3), the district court should transfer the case to the circuit court in the interest of justice under 28 U.S.C. § 1631 in order for the circuit court to determine whether the petitioner may file a successive petition. <u>Liriano v. United States</u>, 95 F.3d 119 (2d Cir. 1996).

Defendant's reliance on <u>Slack v. McDonald</u>, 529 U.S. 473 (2000) and <u>In Re Bowen</u>, 436 F.3d 699 (6th Cir. 2006), to argue that his petition is not a successive one, is misplaced. Unlike those two cases, where the petitioners' unexhausted federal claims were dismissed without prejudice to allow the petitioners an opportunity to exhaust those claim in the state court, here, I dismissed Wilson's original petition because it was untimely. Thus, his petition is a successive one.

Accordingly, pursuant to <u>Liriano</u>, I hereby transfer Wilson's case to the United States Court of Appeals for the Second Circuit for Wilson to seek permission to file a successive petition for habeas corpus.

SO ORDERED.

Dated: Brooklyn, New York
      November 21, 2007

/signed/

/NICHOLAS G. GARAUFIS/
United States District Judge